# The President's Authority to Convene the Senate

Article II, section 3 of the Constitution gives the President a broad grant of authority to convene Congress or either House of Congress "on extraordinary occasions." The language and purpose of the clause make plain that the President may exercise this authority to convene the Senate during an intra-session break

July 26, 1989

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

The Constitution grants to the President the authority to "on extraordinary Occasions, convene both Houses, or either of them." U.S. Const. art. II, § 3. This is stated as a broad grant of authority, and it has, accordingly, been exercised almost fifty times by various Presidents. Most recently, President Truman convened both Houses of Congress to consider the questions of inflation and foreign aid. However, many of those times the President convened only the Senate, often for the purpose of considering whether to give its advice and consent to Presidential nominees. The most recent example was in 1933 when President Hoover convened the Senate so that it could consider President Roosevelt's nominees. To date, Presidents have used their special convening power only between sessions of Congress — either calling Congress into session earlier than scheduled or calling it back into session after the normal end-of-session adjournment. However, the language and purpose of the clause make plain that the President has the power to convene Congress or either House during an intra-session break.

The first President to convene the Senate was President Washington, who issued a "Summons" to the Senate immediately following the adjournment of the First Congress. President Washington's summons recited that "[c]ertain matters touching the public good require[] that the Senate be convened." 1 Senate Executive Journal 79-84. While the Senate was convened President Washington submitted a substantial number of civil and military nominations. President Washington convened the Senate again on the day of his second inauguration, immediately following the adjournment of the Second Congress. During this period, President Washington submitted to the Senate three nominations. *Id.* at 138. After the end of the Third Congress, he convened the Senate to consider the Jay Treaty, during which time he also submitted to the Senate a number of nominations.

245

The Senate was convened by the President many times throughout the 19th century, frequently for the purpose of confirming nominations.[1] In fact, Presidents uniformly convened the Senate for a special session that began on the day of their successor's inauguration. This was done because, prior to the Twentieth Amendment, one Congress would come to a close before the new President's inauguration. Had the preceding President not convened the Senate, it would not have been able to consider the new President's appointments until the start of its next session, which the Constitution sets as the first Monday of the following December.

Although Presidents have traditionally convened the Senate when Congress has been on intersession adjournment, the President's power to "convene both Houses" is not limited to such circumstances. President Truman was advised, and we agree, that "there is nothing in the Constitution to indicate, nor is there any basis for believing, that the President's power to convene the Congress on extraordinary occasions depends on the precise nature of the recess or adjournment, that is, whether the adjournment is sine die, until a day certain, or until the majority leaders of the Congress find it in the public interest to reassemble the two Houses."[2]

Both the text of the Constitution and the purpose of the provision indicate that the President's constitutional power to convene either House extends to periods within sessions of Congress. His power is stated in the broadest possible terms; it is not limited only to when Congress is not in session.[3] This is appropriate to the purposes of the clause — namely, to ensure that the President can summon Congress to Washington so that Congress and the President *together* may face a matter of national import. As Justice Story said in his *Commentaries on the Constitution*:

> The power to convene congress on extraordinary occasions is indispensable to the proper operations, and even safety of the government. Occasions may occur in the recess of congress requiring the government to ... provide for innumerable ... important exigencies ....

Joseph Story, 3 *Commentaries on the Constitution* § 1556 (1833).

---

[1] *See, e.g.*, Proclamation No 51, 11 Stat. 798 (1858) (President Buchanan); Proclamation No 53, 11 Stat 799 (1859) (same), Proclamation No. 1, 12 Stat. 1257 (1860) (same); Proclamation No. 18, 12 Stat. 1269 (1863) (President Lincoln), Proclamation No. 26, 13 Stat 752 (1865) (same); Proclamation No. 10, 14 Stat. 821 (1867) (President Johnson), Proclamation No 1, 16 Stat. 1125 (1869) (President Grant); Proclamation No. 1, 17 Stat. 949 (1871) (same), Proclamation No 12, 18 Stat 855 (1875) (same); and Proclamation No. 44, 32 Stat 2036 (1903) (President Roosevelt).

[2] Memorandum for the Attorney General, from George T Washington, Assistant Solicitor General, *Re: Authority of the President to Call a Special Session of the Congress* at 1 (Oct 17, 1947)

[3] In fact, the Constitution expressly contemplates indeterminate periods of adjournment within a session. For instance, Article I states that "[n]either House, during the Session of Congress, shall, without the Consent of the other, adjourn for more than three days." U.S. Const art. I, § 5 Thus, because the President's power to convene Congress is unlimited, it applies to times when Congress is adjourned but in session

Moreover, to contend the President lacks the power to convene when Congress is in session but adjourned is to contend that the President may not during time of war, for example, summon Congress to Washington if Congress chooses to remain absent. Such a contention would also allow Congress, by remaining formally in session but adjourned for most of the time, to defeat the President's constitutional power to convene Congress.

In sum, the Senate has been convened many times and for many reasons. It has considered both nominations and treaties during those times. The Constitution places no limitation on when the President may convene either or both Houses. We therefore conclude that the President has the power to convene the Senate during the planned August adjournment.

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*